WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Damien Lakieth Dudley,

             Plaintiff,

   v.

Wayne Mooney, et al.,

             Defendants.

No.  CV 14-2006-PHX-SMM (JZB)

**O R D E R**

On July 30, 2014, Plaintiff Damien Lakieth Dudley, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint (Doc. 1, Attach. 1, Ex. C) in the Maricopa County Superior Court against Deputy Warden Wayne Mooney, and the Arizona Department of Corrections (ADOC).  On September 5, 2014, Plaintiff filed a "First Amended Special Action Complaint" (Doc. 1, Attach. 1, Ex. C) in Maricopa County Superior Court against Deputy Warden Wayne Mooney and the State of Arizona.  On September 11, 2014, the ADOC filed a Notice of Removal based on federal question jurisdiction and paid the $400.00 filing fee.  The ADOC states that it was served with the original Complaint on August 11, 2014.[1]  The ADOC's counsel indicates that he is not aware of service on any of the remaining Defendants.

. . . .

---

[1] The ADOC states that it was served with the original Complaint on August 11, 2013; however, this appears to be a typographical error and the Court assumes that it was served on August 11, 2014.

The ADOC's counsel fails to address the fact that the ADOC is not a named Defendant in the First Amended Special Action Complaint filed in state court and, in the Notice of Removal, refers to Plaintiff's claims in both the original Complaint and the First Amended Special Action Complaint.  As such, it is difficult for the Court to determine whether the ADOC properly removed this case.  Nonetheless, referral to the Maricopa County Superior Court docket indicates that Plaintiff's First Amended Special Action Complaint was filed outside the time frame allowed by Arizona Rule of Civil Procedure 15(a) and the Maricopa County Superior Court docket still lists Defendants as the ADOC and Wayne Mooney.  *See* The Judicial Branch of Arizona, Maricopa County, *Civil Court Case Information Case History, available at* http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp (last visited Dec. 18, 2014).  Moreover, Plaintiff has not moved to remand within thirty days of the Notice of Removal, so the Court assumes the ADOC was a proper Defendant at the time of removal.[2]

After removal, Plaintiff filed a "First Amended Complaint" (Doc. 7) on this Court's form alleging claims against Deputy Warden Wayne Mooney, the ADOC, and Sergeant John Doe.  The Court will consider this "First Amended Complaint" to be the operative Complaint and will screen it accordingly.  Because Plaintiff filed his First Amended Complaint prior to screening, it is the operative complaint and the Court will treat the original Complaint and the First Amended Special Action Complaint as nonexistent.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

---

[2] The original Complaint facially supports that subject matter jurisdiction is proper in federal court.

1  which relief may be granted, or that seek monetary relief from a defendant who is

2  immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3      A pleading must contain a "short and plain statement of the claim *showing* that the

4  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

5  does not demand detailed factual allegations, "it demands more than an unadorned, the-

6  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

8  conclusory statements, do not suffice."  *Id.*

9      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

11  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

12  content that allows the court to draw the reasonable inference that the defendant is liable

13  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

14  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

15  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

16  specific factual allegations may be consistent with a constitutional claim, a court must

17  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

18  at 681.

19      Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain

20  statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach

21  allegation must be simple, concise, and direct."  A complaint having the factual elements

22  of a cause of action scattered throughout the complaint and not organized into a "short

23  and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *See*

24  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v.*

25  *Renne*, 84 F.3d 1172 (9th Cir. 1996).  To comply with Rule 8, a plaintiff should set forth

26  "who is being sued, for what relief, and on what theory, with enough detail to guide

27  discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  It is not the

28  responsibility of the Court to review a rambling narrative in an attempt to determine the

1   number and nature of a plaintiff's claims.

2       But as the United States Court of Appeals for the Ninth Circuit has instructed,

3   courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

4   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

5   stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

6   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

7   **II.   Complaint**

8       In his First Amended Complaint, Plaintiff alleges one count against Deputy

9   Warden Wayne Mooney, the ADOC, and Sergeant John Doe.  Plaintiff seeks injunctive

10  relief, costs, and fees.

11      In his First Amended Complaint, Plaintiff alleges that his Fourteenth Amendment

12  due process rights were violated as follows:  On July 6, 2013, he was charged with

13  violating rule "11-B Disrupting Institution Count and/or Being Out of Place."  Plaintiff

14  contends that at his disciplinary hearing, Sergeant John Doe denied Plaintiff's requests to

15  see the Disciplinary Hearing Officer and seek the testimony of relevant witnesses.

16  Plaintiff was found guilty of the violation.  Doe told Plaintiff "the next time an officer

17  tells [him] to drop [his] grievances[, he] should listen [and] not file a grievance against

18  that officer for retaliation."  Plaintiff asked Doe for the forms to appeal the disciplinary

19  charge; Doe smiled at Plaintiff and told him that Doe "would have to get back to

20  [Plaintiff] on that one."  Plaintiff then wrote to Defendant Mooney requesting the appeal

21  form; Mooney never responded to this request.

22      In the remainder of his First Amended Complaint, Plaintiff does not allege any

23  facts against any of the named Defendants and, as a result, has failed to state a claim

24  against the named Defendants in the remainder of his allegations.[3]  Accordingly, the

25  Court will not recount those allegations.

26

27      [3] Over the years, Plaintiff has filed eight *pro se* civil rights complaints under 42
    U.S.C. § 1983.  Plaintiff is well aware of the standard to state a claim, as he has been

28  repeatedly informed.  *See Dudley v. Schriro, et al.,*CV 04-2244-PHX-SMM (D. Ariz. Jan.
    5, 2005); *Dudley v. Maricopa County Sheriff's Office*, CV 07-1534-PHX-SMM (D. Ariz.
    May 9, 2008); *Dudley v. Robbinson, et al*, CV 08-1315-PHX-SMM (D. Ariz. Oct. 20,

III.    **Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

A.    **ADOC**

Plaintiff does not allege any facts against the ADOC.  Accordingly, Plaintiff fails to state a claim against the ADOC, and it will be dismissed.

B.    **Deputy Warden Wayne Mooney**

Plaintiff sues Deputy Warden Wayne Mooney.  While Mooney may be sued under § 1983, Plaintiff fails to state a claim against him.  To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  There is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for

2009); *Dudley v. Maricopa County Sheriff's Office, et al.*, CV 08-1825-PHX-SMM (D. Ariz. June 19, 2009); *Dudley v. Maricopa County*, CV 02-2168-PHX-SMM (D. Ariz. Jan. 5, 2009); *Dudley v. Arizona Department of Corrections, et al.*, CV 10-1877-PHX-SMM (LOA) (D. Ariz. Sept. 30, 2010); *Dudley v. Cesolini*, CV 11-0387-PHX-SMM (D. Ariz. May 11, 2012); *Dudley v. Arizona Department of Corrections, et al.*, CV 11-1000-PHX-SMM (LOA).

1    constitutional violations of his subordinates if the supervisor participated in or directed
2    the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880
3    F.2d at 1045.

4         Plaintiff alleges that he wrote to Defendant Mooney requesting the appeal form
5    and that Mooney never responded to this request.  These allegations are insufficient to
6    support a federal claim against Mooney.   Accordingly, Defendant Mooney will be
7    dismissed.

8         **C.    Due Process**

9         Plaintiff asserts a violation of due process.  Prisoners are entitled to due process
10   protections when subject to disciplinary sanctions.  *See Wolff v. McDonnell*, 418 U.S.
11   539, 564-71 (1974).  However, the Supreme Court held that these procedural protections
12   are not implicated unless the deprivation involves a protected liberty interest.  *Sandin v.*
13   *Conner*, 515 U.S. 472, 484 (1995).  Liberty interests that entitle an inmate to due process
14   are "generally limited to freedom from restraint which, while not exceeding the sentence
15   in such an unexpected manner as to give rise to protection by the Due Process Clause of
16   its own force, nonetheless imposes atypical and significant hardship on the inmate in
17   relation to the ordinary incidents of prison life."  *Id.*  (internal citations omitted).  Thus,
18   "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is
19   within the sentence imposed upon him and is not otherwise violative of the Constitution,
20   the Due Process Clause does not in itself subject an inmate's treatment by prison
21   authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

22        In analyzing whether a hardship is atypical and significant, three guideposts to
23   consider are: (1) the conditions of confinement; (2) the duration of the condition and the
24   degree of restraint imposed; and (3) whether the sanction will affect the duration of the
25   prisoner's sentence.  *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir.2003); *Keenan v.*
26   *Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996).  "Atypicality" requires not merely an
27   empirical comparison, but turns on the importance of the right taken away from the
28   prisoner. *See Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997); *see, e.g., Sandin*,

515 U.S. at 472 (30 days disciplinary segregation is not atypical and significant); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (4 months in ad-seg is not atypical and significant); *Griffin v. Vaughn*, 112 F.3d 703, 706708 (3d Cir. 1997) (15 months ad-seg is not atypical and significant); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (6 months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not atypical . . . in relation to the ordinary incidents of prison life."); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (2 years in ad-seg is not atypical and significant); *Jacks v. Crabtree*, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship). Thus, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (quoting *Sandin*, 515 U.S. at 486).

If a court determines that a protected liberty interest is implicated, a plaintiff must also specify the due process safeguard he was denied and by whom. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Procedural due process safeguards in a prison disciplinary hearing require that the defendant receive: (1) written notice of the charges, no less than twenty-four hours prior to the hearing; (2) a written statement by the fact-finder as to the evidence relied on and reasons for the disciplinary action and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the defendant to do so. *Id.* at 565-66.

In this case, although it is not entirely clear, Plaintiff appears to be complaining about his classification.[4]  Plaintiff has not alleged that the conditions or degree of his

---

[4] Inmates do not have a constitutional right to a particular classification.  To the extent that Plaintiff seeks relief solely based on his classification, he fails to state a claim.

confinement is outside the sentence imposed upon him, thus creating an atypical and significant hardship.  Therefore, Plaintiff has not alleged that he was deprived of a liberty interest entitling him to due process protections.

To the extent that Plaintiff is attempting to claim that the duration of his confinement has been affected by this disciplinary violation, habeas corpus is the appropriate vehicle to seek relief; a civil rights action pursuant to § 1983 is not available unless and until the prisoner has obtained a "favorable termination" of the underlying disciplinary action.  *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). Accordingly, Plaintiff fails to state a claim in Count One, and Count One will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377

1   (1976).

2       Plaintiff must repeat this process for each person he names as a Defendant.  If

3   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

4   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

5   failure to state a claim.  **Conclusory allegations that a Defendant or group of**

6   **Defendants has violated a constitutional right are not acceptable and will be**

7   **dismissed**.

8       A second amended complaint supersedes the original Complaint, the First

9   Amended Special Action Complaint, and the First Amended Complaint.  *Ferdik v.*

10   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner &*

11   *Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the

12   original Complaint, First Amended Special Action Complaint, and First Amended

13   Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

14   in the original Complaint, First Amended Special Action Complaint, or First Amended

15   Complaint and that was voluntarily dismissed or was dismissed without prejudice is

16   waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*,

17   693 F.3d 896, 928 (9th Cir. 2012) (en banc).

18   **V.**    **Motions for a Case Number and Request for Sanctions**

19       On September 22, 2014, Plaintiff filed a Motion for a Case Number and Request

20   for Sanctions (Doc. 5).  Plaintiff's Motion for a Case Number is granted to the extent set

21   forth herein.  Plaintiff's request for sanctions is denied.

22   **VI.**   **Warnings**

23       **A.**    **Address Changes**

24       Plaintiff must file and serve a notice of a change of address in accordance with

25   Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

26   for other relief with a notice of change of address.  Failure to comply may result in

27   dismissal of this action.

28   . . . .

**B.     Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

**C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim.  Plaintiff has **30** days from the date this Order is filed to file a second amended complaint in compliance with this Order.

1    (2)    The Motion for a Case Number is **granted**.

2    (3)    The Request for Sanctions is **denied.**

3    (4)    If Plaintiff fails to file a second amended complaint within 30 days, the

4    Clerk of Court must, without further notice, enter a judgment of dismissal of this action

5    with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C.

6    § 1915(g).

7    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

8    civil rights complaint by a prisoner.

9    DATED this 22nd day of December, 2014.

Stephen M. McNamee
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions: **OR** Tucson Division:
U.S. District Court Clerk   U.S. District Court Clerk
U.S. Courthouse, Suite 130   U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10 405 West Congress Street
Phoenix, Arizona  85003-2119  Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>    Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)   Plaintiff,  )<br>  )<br>     vs.        )<br>  )<br>(1) _____, )<br>(Full Name of Defendant)    )<br>(2) _____, )<br>  )<br>(3) _____, )<br>  )<br>(4) _____, )<br>      Defendant(s).    )<br>☐ Check if there are additional Defendants and attach page 1-A listing them.  ) | **CASE NO.** _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

Revised 3/9/07                    1

**550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
          (Position and Title)                                              (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
          (Position and Title)                                              (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
          (Position and Title)                                              (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
          (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                  ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count I?          ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?       ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
b.   Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____           _____
                          DATE                                         SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.