WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Damien Lakieth Dudley,

          Plaintiff,

v.

Wayne Mooney, et al.,

          Defendants.

No.  CV 14-2006-PHX-SMM (JZB)

**O R D E R**

## I.    Background

On July 30, 2014, Plaintiff Damien Lakieth Dudley, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint in the Maricopa County Superior Court against Deputy Warden Wayne Mooney, and the Arizona Department of Corrections (ADOC).  On September 5, 2014, Plaintiff filed a "First Amended Special Action Complaint" in Maricopa County Superior Court against Deputy Warden Wayne Mooney and the State of Arizona.  On September 11, 2014, the ADOC filed a Notice of Removal based on federal question jurisdiction and paid the $400.00 filing fee.  Because Plaintiff's First Amended Special Action Complaint was filed outside the time frame allowed by Arizona Rule of Civil Procedure 15(a) and Plaintiff did not move to remand within thirty days of the Notice of Removal, the Court assumed the ADOC was a proper Defendant at the time of removal.[1]

---

[1] The original Complaint facially supports that subject matter jurisdiction is proper in federal court.

JDDL-K

1      After removal, Plaintiff filed a "First Amended Complaint."  In a December 22,

2 2014 Order, the Court dismissed the First Amended Complaint for failure to state a claim

3 and granted Plaintiff 30 days to file a Second Amended Complaint.  On January 20, 2015,

4 Plaintiff filed a Second Amended Complaint (Doc. 10) and an Affidavit in Support of his

5 Second Amended Complaint (Affidavit) (Doc. 11).  On January 21, 2015, Plaintiff filed a

6 Notice of Supplemental Authority in Support of Second Amended Complaint (Notice)

7 (Doc. 12).  The Court will dismiss the Second Amended Complaint and grant Plaintiff a

8 final opportunity to craft a viable complaint.

9 **II.     Statutory Screening of Prisoner Complaints**

10      The Court is required to screen complaints brought by prisoners seeking relief

11 against a governmental entity or an officer or an employee of a governmental entity.  28

12 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

13 has raised claims that are legally frivolous or malicious, that fail to state a claim upon

14 which relief may be granted, or that seek monetary relief from a defendant who is

15 immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

16      A pleading must contain a "short and plain statement of the claim *showing* that the

17 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

18 does not demand detailed factual allegations, "it demands more than an unadorned, the-

19 defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

20 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

21 conclusory statements, do not suffice."  *Id.*

22      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

23 claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

24 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

25 content that allows the court to draw the reasonable inference that the defendant is liable

26 for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

27 claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

28 on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Second Amended Complaint will be dismissed because Plaintiff failed to comply with Local Rule of Civil Procedure 3.4 and the Instructions for a prisoner complaint, but the Court will dismiss it and give Plaintiff a final opportunity to craft a viable complaint.

**III.   Second Amended Complaint**

Plaintiff has filed a 63-page Second Amended Complaint. Plaintiff filed an additional 29 pages of allegations in his Affidavit and one additional page of allegations in his Notice. In his Second Amended Complaint, Plaintiff sues the following Defendants: C.O. II Vagara, Sergeant John Doe, C.O. III Roberts, Deputy Warden Currier, Corizon, and Arizona Department of Corrections.[2] In his Notice, Plaintiff adds the following Defendants: C.O. II Murray, C.O. II Taylor, C.O. II John Doe, Deputy Warden Wayne Mooney, and Arizona Department of Corrections Director Charles Ryan. Plaintiff seeks declaratory and injunctive relief and monetary damages.

. . . .

---

[2] Plaintiff is advised that "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

**IV.     Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure 3.4, and Instructions**

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim."   Fed. R. Civ. P. 8(a)(2).   Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."   A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).   *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).   It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints . . . by incarcerated persons must be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."   Plaintiff's Second Amended Complaint fails to comply with the Instructions provided for completing the form complaint.   The Instructions state in relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten.   The form must be completely filled in to the extent applicable.   All questions must be answered clearly and *concisely* in the appropriate space on the form.   If needed, you may attach additional pages, *but no more than fifteen additional pages*, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages.   *If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.*

(Instructions at ¶ 1) (italics added).   Further, the Instructions direct that a plaintiff:

> should not submit exhibits with the complaint or amended complaint.   Instead, the relevant information should be *paraphrased*.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

(*Id.* at ¶ 10) (italics added).   In addition, the Instructions provide that:

1. Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

(*Id.*, part C.)  The Instructions also provide specific directions about how to identify defendants.  Under "Heading," the Instructions state that:

2. Defendants.  If there are **four or fewer** defendants, print the name of each [on page 1].  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional *page* listing the names of ***all*** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

(*Id.* at 3) (italics added).  Further, under "Jurisdiction," the Instructions direct:

Print all of the requested information about each of the defendants *in the spaces provided*.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

(*Id.*) (italics added).

The Second Amended Complaint, Affidavit, and Notice contain 93 pages, *excluding exhibits*, and repeatedly cite legal authority and quote ADOC policies.  Generally, Plaintiff fails to *concisely* allege specific facts to support how *each* particular

Defendant violated the particular civil right at issue in a given count, and appears to allege multiple claims for relief in each count. Indeed, it is difficult to discern which Defendant each count is alleged against. Because Plaintiff's Second Amended Complaint is convoluted and disorganized, the Court cannot meaningfully review it, as required by 28 U.S.C. § 1915A(a). Accordingly, the Court will dismiss the Second Amended Complaint with leave to amend.[3]

Plaintiff should carefully follow the Instructions in completing a third amended complaint. He should set forth only one claim per count. For each count, Plaintiff should legibly summarize facts to support the constitutional right violated, by whom, when and where, and how each defendant violated the right. Moreover, Plaintiff may only attach an additional 15 pages if necessary. Any pages beyond the additional 15 page limit will be stricken and the Court will not consider any allegations in those additional pages.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure and Rule 8 of the Federal Rules of Civil Procedure. Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The third amended complaint must be retyped or rewritten in its

---

[3] Over the years, Plaintiff has filed seven *pro se* civil rights complaints under 42 U.S.C. § 1983. Plaintiff is well aware of the Instructions and standard to state a claim, as he has been repeatedly informed of them. *See Dudley v. MCSO Inmate Legal Services, et al.*, CV 07-1534-PHX-SMM (LOA) (D. Ariz. May 9, 2008); *Dudley v. Robbison, et al.*, CV 08-1315-PHX-SMM (D. Ariz. Oct. 20, 2009); *Dudley v. Maricopa County Sheriff's Office, et. al.*, CV 08-1825-PHX-SMM (D. Ariz. Oct. 3, 2008); *Dudley v. County of Maricopa, et al.*, CV 08-2168-PHX-SMM (LOA) (D. Ariz. Jan. 5, 2009); *Dudley v. Arizona Department of Corrections, et al.*, CV 10-1877-PHX-SMM (LOA) (D. Ariz. Sept. 30, 2010); *Dudley v. Arizona Department of Corrections, et al.*, CV 11-1000-PHX-SMM (LOA) (D. Ariz. June 23, 2011); *Dudley v. Cesolini*, CV 11-0387-PHX-SMM (D. Ariz. May 11, 2012).

1   entirety on the court-approved form and may not incorporate any part of the original
2   Complaint, First Amended Special Complaint, First Amended Complaint, or Second
3   Amended Complaint by reference.  Plaintiff may include only one claim per count.

4          If Plaintiff files a third amended complaint, Plaintiff must write short, plain
5   statements telling the Court: (1) the constitutional right Plaintiff believes was violated;
6   (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did
7   or failed to do; (4) how the action or inaction of that Defendant is connected to the
8   violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered
9   because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377
10  (1976).

11         Plaintiff must repeat this process for each person he names as a Defendant.  If
12  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
13  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
14  failure to state a claim.  **Conclusory allegations that a Defendant or group of**
15  **Defendants has violated a constitutional right are not acceptable and will be**
16  **dismissed**.

17         A third amended complaint supersedes the original Complaint, First Amended
18  Special Complaint, First Amended Complaint, and Second Amended Complaint.  *Ferdik*
19  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner &*
20  *Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the
21  original Complaint, First Amended Special Complaint, First Amended Complaint, and
22  Second Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of
23  action that was raised in the original Complaint, First Amended Special Complaint, First
24  Amended Complaint, or Second Amended Complaint and that was voluntarily dismissed
25  or was dismissed without prejudice is waived if it is not alleged in a third amended
26  complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).
27  . . . .
28  . . . .

JDDL-K

- 7 -

1   **VI.    Warnings**

2          **A.     Address Changes**

3          Plaintiff must file and serve a notice of a change of address in accordance with

4   Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

5   for other relief with a notice of change of address.  Failure to comply may result in

6   dismissal of this action.

7          **B.     Copies**

8          Because Plaintiff is currently confined in an Arizona Department of Corrections

9   unit subject to General Order 14-17, Plaintiff is not required to submit an additional copy

10  of every filing for use by the Court, as would ordinarily be required by Local Rule of

11  Civil Procedure 5.4.  If Plaintiff is transferred to a unit other than one subject to General

12  Order 14-17, he will be notified of the requirements regarding copies for the Court that

13  are required for inmates whose cases are not subject to General Order 14-17.

14         **C.     Possible "Strike"**

15         Because the First Amended Complaint has been dismissed for failure to state a

16  claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies

17  identified in this Order, the dismissal may count as a "strike" under the "3-strikes"

18  provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring

19  a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the

20  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

21  brought an action or appeal in a court of the United States that was dismissed on the

22  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

23  granted, unless the prisoner is under imminent danger of serious physical injury."  28

24  U.S.C. § 1915(g).

25         **D.     Possible Dismissal**

26         If Plaintiff fails to timely comply with every provision of this Order, including

27  these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

28

F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Second Amended Complaint (Doc. 10) is **dismissed** for failure to comply with Rule 3.4 of the Local Rules and Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 22nd day of February, 2015.


Honorable Stephen M. McNamee
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                 U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119             Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,  )
(Full Name of Plaintiff)           )
                         Plaintiff, )
                                    )
             vs.                    )   CASE NO. _____
                                    )         (To be supplied by the Clerk)
(1)_____,    )
(Full Name of Defendant)            )
(2)_____,    )
                                    )       **CIVIL RIGHTS COMPLAINT**
(3)_____,    )            **BY A PRISONER**
                                    )
(4)_____,    )   ☐ Original Complaint
                    Defendant(s).   )   ☐ First Amended Complaint
  ☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

### A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07                          1                          **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.


2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.


3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.


5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?                    ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?           ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                         SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.