WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Damian Dudley,

        Plaintiff,

v.

Wayne Mooney, et al.,

        Defendants.

No. CV 14-2006-PHX-SMM (JZB)

**O R D E R**

**I.**    **Background**

On July 30, 2014, Plaintiff Damien Dudley, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint in the Maricopa County Superior Court against Deputy Warden Wayne Mooney and the Arizona Department of Corrections (ADOC). On September 5, 2014, Plaintiff filed a "First Amended Special Action Complaint" in Maricopa County Superior Court against Deputy Warden Wayne Mooney and the State of Arizona. On September 11, 2014, the ADOC filed a Notice of Removal based on federal question jurisdiction and paid the $400.00 filing fee. Because Plaintiff's First Amended Special Action Complaint was filed outside the time frame allowed by Arizona Rule of Civil Procedure 15(a) and Plaintiff did not move to remand within thirty days of the Notice of Removal, the Court assumed the ADOC was a proper

Defendant at the time of removal.[1]

After removal, Plaintiff filed a "First Amended Complaint." In a December 22, 2014 Order, the Court dismissed the First Amended Complaint for failure to state a claim and granted Plaintiff 30 days to file a Second Amended Complaint. On January 20, 2015, Plaintiff filed a Second Amended Complaint and an Affidavit in Support of his Second Amended Complaint. On January 21, 2015, Plaintiff filed a Notice of Supplemental Authority in Support of Second Amended Complaint. In a February 24, 2015 Order, the Court dismissed the Second Amended Complaint for failure to comply with Rule 3.4 of the Local Rules and Rule 8 of the Federal Rules of Civil Procedure and granted Plaintiff a final opportunity to craft a viable complaint.

On March 13, 2015, Plaintiff filed an Affidavit and a Third Amended Complaint (Doc. 14). The Court will order Defendants Vagara and Roberts to answer a portion of Count One of the Third Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] The original Complaint facially supports that subject matter jurisdiction is proper in federal court.

conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Third Amended Complaint

In his three-count Third Amended Complaint, Plaintiff names the following Defendants: Charles Ryan, Director of the ADOC; Vagara, Correctional Officer ("C.O.") II at Barchey Unit; Roberts, C.O.III at Barchey Unit; and John Doe, Disciplinary Sergeant at Barchey Unit. Plaintiff seeks injunctive relief and monetary damages.

In **Count One**, Plaintiff asserts a claim for retaliation and alleges the following facts: Between February and April 2013, Plaintiff was hired by Defendant Vagara to work in Barchey Unit's "clothing/sanitation" department. On April 4, 2013, Plaintiff filed an informal resolution with C.O. III Reatigui because Plaintiff was not receiving a minimum wage and was working approximately 30 per week, rather than the 40 hours per week required by Arizona Revised Statutes section 13-251. On April 12, 2013, Defendant Vagara allegedly told Plaintiff "if he wanted to keep his job he should drop his

grievances about not getting 40 hours a week and minimum wage." Plaintiff told Defendant Vagara that he would not drop his grievances. Plaintiff contends that on April 15, 2013, Defendant Vagara "retaliated against Plaintiff for exercising his First Amendment right to file a grievance when [Defendant] Vagara removed Plaintiff's name from the work turn-out list."

On May 31, 2013, C.O. III DeLeon told Plaintiff that, because Plaintiff had been suspended from his job with Defendant Vagara, he could not apply for another job until July 12, 2013. On that same day, Plaintiff met with the "Worker Incentive Pay Plan ("WIPP") Supervisor," Defendant Roberts, to discuss his suspension. Plaintiff informed Defendant Roberts that he had not received any paperwork regarding his suspension or termination. Defendant Roberts told Plaintiff "you know why you were suspended." Defendant Roberts also told Plaintiff that his grievances would go "nowhere" and that if Plaintiff wanted to work 40 hours per week and be paid minimum wage, he "should have stayed on the streets where [he] had freedom of choice." Defendant Roberts further told Plaintiff, "The next time an officer gives you a direct order to drop your grievance you will think of this ordeal with [Defendant] Vagara and follow his/her order." Defendant Roberts allegedly told Plaintiff that he has the power to hire, fire, or never allow an inmate to work and Plaintiff should "remember that the next time [Plaintiff] wants to grieve about 40 hours and minimum wage."

On July 1, 2013, Plaintiff began working in the prison library. On July 6, 2013, Plaintiff received an infraction for being out of place. At his disciplinary hearing, Defendant John Doe denied Plaintiff's request to call witnesses and for witness statement forms. Defendant Doe found Plaintiff guilty of the infraction without providing Plaintiff "a written disposition for denial of witnesses." Due to this infraction, Plaintiff lost 10 earned release credits. Plaintiff claims that Defendants Doe, Roberts, and Vagara "conspired against [him] because [Defendant] Doe told Plaintiff the next time this can be avoided if you obey the officer when they tell you to drop your grievances."

. . . .

In **Count Two**, Plaintiff asserts a property claim against Defendant Ryan and contends that ADOC inmates are entitled to minimum wage under the Fair Labor Standards Act ("FLSA"). Plaintiff cites to the ADOC WIPP Department Order and does not allege any facts.

In **Count Three**, Plaintiff asserts a claim for the violation of his Fourteenth Amendment rights and alleges the following facts: Arizona Revised Statutes section 13-251 provides that "ADOC inmates shall work 40 h[ou]rs of hard labor a week." Plaintiff claims that ADOC gives each warden the discretion to determine how many hours each inmate will work at their respective prison. Plaintiff further claims that although some inmates work 40 hours per week, most inmates do not. Plaintiff worked 30 hours per week at each of his four jobs while housed at the Barchey Unit.

Plaintiff claims that he has been injured because he has lost wages and a loss of 10 earned release credits.

**IV.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 at 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.[2] *Ivey*

---

[2] Over the years, Plaintiff has filed seven *pro se* civil rights complaints under 42 U.S.C. § 1983. Plaintiff is well aware of the standard to state a claim, as he has been repeatedly informed of them. *See Dudley v. MCSO Inmate Legal Services, et al.*, CV 07-1534-PHX-SMM (LOA) (D. Ariz. May 9, 2008); *Dudley v. Robbison, et al.*, CV 08-1315-PHX-SMM (D. Ariz. Oct. 20, 2009); *Dudley v. Maricopa County Sheriff's Office, et al.*, CV 08-1825-PHX-SMM (D. Ariz. Oct. 3, 2008); *Dudley v. County of Maricopa, et al.*, CV 08-2168-PHX-SMM (LOA) (D. Ariz. Jan. 5, 2009); *Dudley v. Arizona*

*v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### A.     Count One and Defendant John Doe

In addition to his claim for retaliation, Plaintiff appears to be alleging a claim for the denial of due process in disciplinary proceedings in Count One. "[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002). In addition, if a judgment for Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate or imply the invalidity of the deprivation of good-time credits, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Plaintiff can show that the disciplinary conviction has been previously invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Heck*, 512 U.S. at 486-87; *Nonnette*, 316 F.3d at 875. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, Plaintiff's claim, if decided in his favor, would either invalidate or imply the invalidity of the deprivation of his good-time credits. Because Plaintiff has not demonstrated that his prison disciplinary proceeding has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, his claim is barred by *Heck*. Therefore, the Court will dismiss Count One and Defendant John Doe.

---

*Department of Corrections, et al.*, CV 10-1877-PHX-SMM (LOA) (D. Ariz. Sept. 30, 2010); *Dudley v. Arizona Department of Corrections, et al.*, CV 11-1000-PHX-SMM (LOA) (D. Ariz. June 23, 2011); *Dudley v. Cesolini*, CV 11-0387-PHX-SMM (D. Ariz. May 11, 2012).


### B. Count Two and Defendant Ryan

Plaintiff fails to allege any facts against Defendant Ryan in Count Two. As discussed above, Plaintiff simply contends that ADOC inmates are entitled to a minimum wage under the FLSA. Plaintiff cites to the ADOC WIPP Department Order, but he fails allege any facts. Accordingly, the Court will dismiss Defendant Ryan and Count Two.

### C. Count Three

In Count Three, Plaintiff alleges that his Fourteenth Amendment rights have been violated and appears to be asserting that he has a property interest in receiving a minimum wage under the FLSA. In *Hale v. Arizona*, 993 F.2d 1387, 1393-95 (9th Cir. 1993) (en banc), the Ninth Circuit Court of Appeals held that prisoners working for a prison in a program structured by the prison pursuant to state law, which required prisoners to work at hard labor, are not employees of the prison within the meaning of the FLSA, and thus, not entitled to be paid minimum wage under the FLSA. In this case, Plaintiff alleges that he was employed by the ADOC in the WIPP program, which is structured by the ADOC pursuant to state law and allows prisoners to work. Plaintiff has alleged no facts establishing that he is an employee within the meaning of the FLSA such that he would be entitled to minimum wage under the FLSA.

Plaintiff also appears to be asserting a violation of his due process rights and alleges that he worked 30 hour weeks when working the four jobs he had during all times relevant to this action. Plaintiff claims that, pursuant to Arizona Revised Statutes section 13-251, "ADOC inmates shall work 40 h[ou]rs of hard labor a week." "In general, parties claiming that their due process rights were violated must establish 'two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" *Haggard v. Curry*, 631 F.3d 931, 935 (9th Cir. 2010) (citations omitted). "Property interests . . . are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those

benefits." *Allen v. City of Beverly Hills*, 911 F.2d 367, 370 (9th Cir. 1990) (citation omitted).  "Whether an expectation of entitlement is sufficient to create a property interest 'will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [decisionmaker].'" *Id.* (alteration in original) (citation omitted).

Plaintiff appears to allege that Arizona Revised Statutes section 31-251 guarantees Plaintiff the right to work 40 hours of hard labor per week and, therefore, creates a property interest protected by the Due Process Clause.  Arizona Revised Statutes section 31-251 provides that "[t]he director has the authority to require that each able-bodied prisoner under commitment to the state department of corrections engage in hard labor for not less than forty hours per week, except that not more than twenty hours per week of participation in an educational, training or treatment program may be substituted for an equivalent number of hours of hard labor."  Ariz. Rev. Stat. Ann. § 31-251.  This statute is couched in discretionary terms, giving the director authority, but not requiring the director to take any action.  Moreover, Plaintiff has not alleged whether he is enrolled in an educational, training or treatment program in addition to his 30 hours of work per week.  Accordingly, Plaintiff has failed to allege facts demonstrating that section 31-251 confers upon him a constitutionally protected property interest.

For the reasons discussed above, Plaintiff has failed to state a claim upon which relief can be granted in Count Three, and the Court will dismiss Count Three.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has sufficiently stated a claim for retaliation against Defendants Vagara and Roberts in Count One, and the Court will require Defendants Vagara and Roberts to answer that portion of Count One.

**VI.    Warnings**

   **A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

TERMPSREF

- 8 -

that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed *in forma pauperis*. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts Two, Three, and the due process claim in Count One are **dismissed** without prejudice.

(2) Defendants Ryan and Doe are **dismissed** without prejudice.

(3) Defendants Vagara and Roberts must answer the retaliation claim in Count One.

TERMPSREF

(4) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Vagara and Roberts.

(5) Plaintiff must complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

---

[3] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

TERMPSREF

1      (12) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules
2   72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
3   authorized under 28 U.S.C. § 636(b)(1).
4      DATED this 1st day of May, 2015.

*[signature]*
Honorable Stephen M. McNamee
Senior United States District Judge

**TERMPSREF**